IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02685-REB-CBS

STEPHAN DARRIS,
    Plaintiff,
v.

D/S MCCALL,
D/S SCHAEFER[1], and
D/S STECKMAN,
    Defendants.

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Magistrate Judge Craig B. Shaffer

THIS MATTER comes before the court on, *inter alia*, Defendants' "Motion to Dismiss or, Alternatively, for Summary Judgment." Pursuant to the October 16, 2012 Order Referring Case (Doc. # 6), this matter was referred to the Magistrate Judge. The court has reviewed the Motion, Mr. Darris's response (filed January 25, 2013 (Doc. # 49)), Defendants' Reply (filed February 8, 2013 (Doc. #51)), the related hearings (*see* Courtroom Minutes/Minute Order (Docs. # 42 and # 50)), the pleadings, the entire case file, and the applicable law, and is sufficiently advised in the premises.

I. BACKGROUND

Plaintiff, Stephan B. Darris, is an inmate in the custody of the Colorado Department of Corrections ("CDOC"). At the time of the events alleged in the Complaint, Mr. Darris was housed in the Denver Van Cise-Simonet Detention Center. Mr. Darris brings this case pursuant to 42 U.S.C. § 1983. In Claim One, Mr. Darris alleges that on October 8, 2012, Defendant McCall "convicted Plaintiff of a bogus conduct charge [without] a hearing," in violation of his Fourteenth Amendment right to Due

---

[1] The case caption erroneously spells Defendant Schaefer's surname as "Schafer." *See* Motion to Dismiss, Or, Alternatively, for Summary Judgment at page 1 of 14 (Doc. #20). The court will hereinafter use the correct spelling of "Schaefer."

1

Process. (*See* Complaint (Doc. #1) at 5 of 9). Mr. Darris alleges that he was disciplined arbitrarily or for an unspecified action and transferred to a cell without a television. (*See id.* at 3-5 of 9). He alleges that there was no hearing, disciplinary process, or opportunity to testify on his own behalf before the transfer took place. (*See id.* at 5 of 9). In Claim Two, Mr. Darris alleges that also on October 8, 2012, in connection with the above disciplinary action, Defendants Schaefer and Steckman, with six to eight other unnamed prison officials, pulled him from his cell and beat him repeatedly, in violation of his Eighth Amendment right to be free from excessive force. (*See id.* at 6 of 9). He alleges that the Defendants beat him about his face, head, and torso, choked him, kicked him in the mouth, threatened him with a knife, beat his ankles and legs, called him derogatory homophobic slurs, and destroyed his personal property. (*See id.* at 6-7 of 9). Mr. Darris signed and dated his Complaint on October 9, 2012, the day after the alleged events occurred, and the court received his Complaint on October 10, 2012. (*See id.*) He seeks punitive damages, compensatory damages, and injunctive relief against Defendants. (*See id.* at 9 of 9).

II.     STANDARD OF REVIEW

Defendants move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Under Rule 12(b)(6) a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. Pr. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim is considered plausible if the facts "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 129 S. Ct. at 1949. Pro se complaints, however, are "liberally construed, and are held to less stringent standards than formal pleadings drafted by lawyers." *Rider v. Werholtz*, 548 F. Supp. 2d 1188, 1194 (D. Kan. 2008) (citations omitted). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile

2

to give him an opportunity to amend." *Perkins v. Kansas Dept. of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999).

Alternatively, Defendants move for summary judgment. Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000).

III.   ANALYSIS

Defendants move to dismiss the Complaint on the ground that Mr. Darris failed to exhaust his administrative remedies under the Prison Litigation Reform Act of 1996 ("PLRA"). The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The "PLRA's exhaustion requirement applies to all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). *See also Booth v. Churner*, 532 U.S. 731, 731-32 (2001) (PLRA requires exhaustion in all matters regardless of remedy sought and availability of remedy at the agency level).

The PLRA's requirement that an inmate exhaust all available administrative remedies before initiating suit is mandatory. *See Woodford v. Ngo*, 548 U.S. 81, 85 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory."). *See also Jones v. Bock*, 549 U.S. at 210-212 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). Inmates may not initiate the administrative grievance process after bringing suit, or try to complete the process while the suit is pending. *See Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) ("An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies."). "To exhaust administrative remedies an inmate must properly comply with grievance procedures; substantial compliance is insufficient." *Fields v. Oklahoma State Penitentiary*, 511 F.3d 1109, 1112 (10th Cir.

2007). "[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules, -- rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. at 218 (internal quotation marks and citation omitted). Thus, it is the prison's own grievance procedures that set forth what the prisoner must do in order to exhaust his or her administrative remedies. *Id.*, 549 U.S. at 218 (citation omitted). "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.*

The Denver Sheriff Department offers a graduated grievance procedure to address inmate concerns. (*See* Denver Sheriff Department Inmate Handbook, Exhibit A-1 to Defendants' Motion (Doc. # 20-1 at 3 of 9)). The court may take judicial notice of the Denver Sheriff Department 's administrative process. *See Ray v. Aztec Well Service Co.*, 748 F.2d 888, 889 (10th Cir. 1984) (court can take judicial notice of agency rules and regulations); *Antonelli v. Ralston*, 609 F.2d 340, 341, n. 1 (8th Cir. 1979) (judicial notice taken of Bureau of Prisons' Program Statement). The grievance procedure requires that within ten days, the inmate discuss his grievance with the appropriate Housing Officer, then with the Housing Sergeant, then the Watch Commander, and finally complete a Grievance Form and submit it to the Operations Staff. *Id.* If the inmate still feels his or her concerns have not been met, the inmate may write a letter to the division Chief or the Director of Corrections, outlining the grievance and all previous steps taken to resolve the issue. *Id.* Within ten days of receiving the letter, the Director will reach a final resolution and provide a written, dated response to the inmate. *Id.* After completing all these steps, an inmate would have exhausted all administrative remedies available.

While failure to exhaust is an affirmative defense, *Jones*, 549 U.S. at 216, "district courts can dismiss prisoner complaints for failure to state a claim if it is clear from the face of the complaint that the prisoner has not exhausted his administrative remedies." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007) (internal citations omitted). "If the complaint had made it clear through Mr. [Darris]'s affirmative statements that he had not exhausted his administrative remedies, the district court

could have raised the exhaustion question *sua sponte*." *Id.* Here, Mr. Darris filed a grievance form, which he signed and dated on October 9, 2012, alleging the same series of events which are the subject of his Complaint. (*See* Denver Sheriff Department Inmate Grievance Form No. 10-84032, Exhibit A-2 to Defendants' Motion (Doc. # 20-1 at 8 of 9)). He signed and submitted his grievance form and his lawsuit on the same day, immediately after the events occurred and before following the progressive grievance process. (*See id.*, Doc. #1 at 9 of 9). It is apparent on the face of the Complaint that Mr. Darris failed to exhaust the administrative grievance procedures. He alleges the events occurred on October 8, 2012. (*See* Doc. #1 at 5-6 of 9). He signed his complaint on October 9, 2012, *see id.* at 9 of 9, and the court received his complaint on October 10, 2012. (*See id.* at 1 of 9). From the dates stated in the Complaint, it is clear that Mr. Darris prepared his Complaint the day after the alleged events took place, before pursuing any prison-mandated grievance procedures.

Mr. Darris attempts to address his failure to exhaust in his Response. (See Doc. # 49). He asserts that the administrative requirement to first discuss concerns with prison officials is not mandatory; that he was in Protective Custody so had no access to the grievance form; and that he is suffering retaliation as a result of a separate suit currently pending against Defendant McCall. (*See* Doc. # 49 at 3-6 of 8). Mr. Darris's arguments do not suffice to defeat Defendants' Motion. "[T]he doctrine of substantial compliance does not apply" to exhaustion under the PLRA. *Thomas v. Parker*, 609 F.3d 1114, 1118 (10th Cir. 2010) (citing *Jernigan*, 304 F.3d at 1032 (rejecting assertion that inmate need not properly complete the grievance process or correct deficiencies in their grievances). Even if the court assumes it is not mandatory to discuss concerns first, Mr. Darris was required to complete the written form and letter as steps two and three of the grievance process. (*See* Doc. # 20-1). Mr. Darris had access to and submitted a grievance form. (*See* Doc. # 20-1 at 8 of 9). Mr. Darris's response does not cure the legal deficiency that he failed to exhaust the required administrative grievance procedures before filing his Complaint.

IV.     ADDITIONAL MOTIONS

Defendants filed a Motion to Dismiss in Part for Lack of Jurisdiction on December 14, 2012, arguing that Mr. Darris's request for injunctive relief was rendered moot by his transfer out of the Denver Van Cise-Simonet Detention Center.  (*See* Doc. #28).  Mr. Darris filed a "Motion Pursuant to [R]ule 56(d) of the Colorado Rules of Civil Procedure" seeking documents "which will contrast claims made by the Defendants in their Motion to Dismiss or Alternatively Summary Judgment."  (*See* Doc. # 52).  The court addresses these Motions only to note that they may properly be denied as moot in light of the court's recommendation that the Complaint be dismissed for failure to exhaust all available administrative remedies.

V.      CONCLUSION

Accordingly, IT IS RECOMMENDED that:

1.      Defendants' "Motion to Dismiss or, Alternatively, for Summary Judgment" (filed December 3, 2012) (Doc. # 20) be GRANTED and this civil action be dismissed for failure to exhaust administrative remedies.

2.      Defendants' "Motion to Dismiss in Part for Lack of Jurisdiction" (filed December 14, 2012) (Doc. # 28) be DENIED as moot.

3.      "Plaintiff[']s Motion Pursuant to [R]ule 56(d) of Colorado Rules of Civil Procedure" (filed February 15, 2013) (Doc. # 52) be DENIED as moot.

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendation with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District

Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar de novo review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation de novo despite the lack of an objection does not preclude application of the "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado this 24th day of May, 2013.

BY THE COURT:

s/Craig B. Shaffer  
United States Magistrate Judge