**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Action No. 12-cv-02685-REB-CBS

STEPHAN DARRIS,

    Plaintiff,
v.

MCCALL, D/S,
SCHAEFER,[1] D/S, and
STECKMAN, D/S,

    Defendants.

**ORDER OVERRULING OBJECTIONS TO AND ADOPTING**
**RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

The matters before me are (1) the **Recommendation on Defendants' Motion for Summary Judgment** [#60],[2] filed May 24, 2013; (2) plaintiff's **Objection to Dismissal** [#61], filed June 21, 2013; and (3) plaintiff's **Addition to Plaintiff's Objection to Dismissal** [#63], filed June 25, 2013. I overrule the objections, approve and adopt the recommendation, grant defendants' motion to dismiss, deny defendants' alternative motion to dismiss as moot, deny plaintiff's motion for discovery pursuant to Fed. R. Civ. P. 56(d), and dismiss plaintiff's claims for failure to exhaust administrative remedies.

Plaintiff is proceeding *pro se*. Thus, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. ***See Erickson v. Pardus***, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); ***Andrews v.***

---

[1] Incorrectly identified in the caption as "Schafer."

[2] "[#60]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

***Heaton***, 483 F.3d 1070, 1076 (10th Cir. 2007); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing ***Haines v. Kerner***, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed. I have considered carefully the recommendation, objections, and applicable caselaw.

The recommendation is detailed and well-reasoned. Plaintiff suggests that there are "discrepancies" which "are elementary, obvious, ambiguous in plain view [*sic*]" in the inmate grievance procedure and points specifically to page 12, paragraphs 1-4, of the Inmate Handbook, appended to defendant's motion to dismiss. (**Def. Motion App.**, Exh. A at 5 [#20-1], filed December 3, 2012.) I find nothing ambiguous or unclear about the required procedures, which provide plainly that the required steps "shall be taken." (*Id.*, Exh. A at 5, ¶ 2.) To the extent any portion of the grievance process might be construed as discretionary, the PLRA still requires plaintiff to exhaust "such administrative remedies as are available." 42 U.S.C. § 1997e(a). The grievance procedure provided an "available" remedy, and therefore plaintiff was required to properly exhaust under that process before filing suit. ***See Brown v. Cantrell***, 2012 WL 4050300 at *3 (D. Colo. Sept. 14, 2012). As it is clear from the face of the complaint that he has not, this case must be dismissed for failure to exhaust.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation on Defendants' Motion for Summary Judgment** [#60], filed May 24, 2013, is **APPROVED** and **ADOPTED** as an order of this court;

2. That the objections stated in plaintiff's **Objection to Dismissal** [#61], filed June 21, 2013, and in his **Addition to Plaintiff's Objection to Dismissal** [#63], filed June 25, 2013, are

**OVERRULED**;

      3.  That defendants' **Motion To Dismiss or, Alternatively, for Summary Judgment** [#20], filed December 3, 2012, is **GRANTED** to the extent it seeks dismissal for failure to exhaust administrative remedies;

      4.  That defendants' **Motion To Dismiss in Part for Lack of Jurisdiction** [#28], filed December 14, 2012, is **DENIED AS MOOT**;

      5.  That **Plaintiff's Motion Pursuant to Rule 56(d) of Colorado Rules of Civil Procedure** [*sic*] [#52], filed February 15, 2013, is **DENIED AS MOOT**;

      6.  That plaintiff's claims are **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies;

      7.  That judgment without prejudice **SHALL ENTER** on behalf of defendants, D/S McCall, D/S Schaefer (incorrectly identified in the caption as "D/S Schafer"), and D/S Steckman, against plaintiff, Stephan Darris, on all claims for relief and causes of action asserted in this action; and

      8.  That defendants are **AWARDED** their costs to be taxed by the clerk of the court under Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

      Dated July 8, 2013, at Denver, Colorado.

      **BY THE COURT:**

*[signature: Bob Blackburn]*
Robert E. Blackburn
United States District Judge